UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERFIN TECH SRL,<br><br>  Plaintiff,<br><br>  v.<br><br>UNION PACKAGING, INC., et al.,<br><br>  Defendants. | Case No. 18-cv-04614-HSG<br><br>**ORDER DENYING MOTION TO HOLD DEFENDANT IN CIVIL CONTEMPT AND DENYING MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Re: Dkt. Nos. 35, 37 |

Pending before the Court is Plaintiff Federfin Tech SRL's motion to hold Defendant Union Packaging, Inc. in civil contempt, Dkt. No. 35, and motion for attorneys' fees and costs, Dkt. No. 37. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **DENIES** the motions.

**I.  BACKGROUND**

Plaintiff filed a lawsuit against Defendant on July 31, 2018, alleging claims for breach of contract; unjust enrichment; account stated, goods sold and delivered; violations of California's Unfair Competition Law; and breach of the implied covenant of good faith and fair dealing related to several orders that Defendant placed from Plaintiff between January 2014 and May 2017 for aluminum bottle caps. *See* Dkt. No. 1. On September 4, 2018, Defendant filed its own counterclaim against Plaintiff for breach of contract; breach of implied warranty of fitness for a particular purpose; and negligence based on allegations that the bottle caps were defective. *See* Dkt. No. 19.

The parties participated in private mediation, and on January 29, 2019, entered into a written settlement agreement. *See* Dkt. No. 35-1, Ex. 1 ("SA"). As part of the settlement

1   agreement, Defendant agreed to pay Plaintiff $150,000, to be paid in installments from January
2   15, 2020, to June 15, 2021. *Id.* at 1–2. However, if Defendant missed any installment payment,
3   then Defendant would owe $200,000 (less any prior installment payments) immediately. *Id.* at 2.
4   Plaintiff, in turn, agreed to "use its best efforts" to file and collect a claim with its insurance for the
5   defective bottle caps. *Id.* at 2. Any payment on the claim would be considered a credit against the
6   money Defendant owed. *Id.* In conjunction with the settlement agreement, Defendant signed a
7   promissory note for $200,000. *Id.* Plaintiff subsequently filed a stipulation to dismiss the case
8   with prejudice on February 11, 2019. *See* Dkt. No. 30. Nevertheless, pursuant to the parties'
9   stipulation, the Court retained jurisdiction over any action to enforce the settlement agreement.
10  *See* Dkt. No. 31 at 2.

11  Approximately a year later, Plaintiff filed a motion to enforce the settlement agreement.
12  *See* Dkt. No. 32. Plaintiff explained that despite the terms of the settlement agreement, Defendant
13  failed to make a single payment and thus breached the settlement agreement. *Id.* In support of the
14  motion, Plaintiff attached email correspondence from Defendant's counsel Wendy Rose, dated
15  January 27, 2020. *See* Dkt. No. 32-1, Ex. 4. In response to a letter from Plaintiff claiming that
16  Defendant was in default, Ms. Rose responded that Defendant "was dissolved last year and no
17  longer exists." *Id.* She further explained that "[t]here is deep debt" and the settlement between
18  the parties in this matter "will be in line behind two ver[y] large loans that were also personally
19  guaranteed." *Id.* Ms. Rose stated that Defendant was thus "effectively bankrupt and not
20  collectible." *Id.* Following Plaintiff's motion to enforce the settlement agreement, Defendant also
21  filed a statement of non-opposition stating in a single sentence that Defendant "does not oppose
22  the Motion to Enforce Settlement Agreement." Dkt. No. 33. The Court granted the motion on
23  February 27, 2020, and directed Defendant to tender payment in the amount of $200,000 to
24  Plaintiff within 30 days of the date of the order. *See* Dkt. No. 34.

25  On April 1, 2020, Plaintiff filed a motion to hold Defendant in contempt and for contempt
26  sanctions. *See* Dkt. No. 35. Plaintiff explains that it still has neither received payment from
27  Defendant nor heard further from Defendant or its counsel regarding this case. *See id.* at 4.
28  Instead, Plaintiff attaches the same correspondence from Ms. Rose, dated January 2020, in which

2

she states that Defendant was dissolved the year before. *See* Dkt. No. 35-1, Ex. 4. Plaintiff also filed a motion for attorneys' fees and costs, seeking $5,983.10 in fees and $159.18 in costs. *See* Dkt. No. 37. As of the date of this order, Defendant has not responded to either motion.

## II.  DISCUSSION

### A.  Motion for Contempt

Plaintiff moves the Court to hold Defendant in contempt, issue a sanctions award to Plaintiff, and award Plaintiff its reasonable attorneys' fees and costs for filing this contempt motion. *See* Dkt. No. 35.

"A court has wide latitude in determining whether there has been contemptuous defiance of its order." *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1364 (9th Cir. 1987). A court may hold a party in civil contempt when the party has displayed "disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). A party's behavior "need not be willful" to justify a finding of civil contempt as "there is no good faith exception." *Id.* (quotation omitted). Still, "[t]he party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by clear and convincing evidence." *Id.* (quotation omitted). If a court finds a party in contempt, it has discretion in deciding whether to impose sanctions. "Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986). "Compensatory awards are limited to actual losses sustained as a result of the contumacy." *Id.* (quotations omitted).

The Court recognizes the oddity of the case and declines to exercise its discretion to hold Defendant in contempt on the record before it. Unlike criminal contempt, civil contempt "seeks only to coerc[e] the defendant to do what a court had previously ordered him to do." *See Turner v. Rogers*, 564 U.S. 431, 441 (2011) (quotations omitted). But the Court has little confidence that this objective would be well served by a contempt order in this case. Although Defendant did not respond to the motion, Plaintiff's own filings in this case suggest that Defendant's silence—and

3

indeed its lack of payment—is because the company "no longer exists" and was dissolved sometime in 2019. *See* Dkt. No. 35-1, Ex. 4. Although Plaintiff has repeatedly attached this January 2020 email from Defendant to its own filings, Plaintiff has yet to discuss its implications for this case and the motions pending before the Court. However, before the Court may hold a party in civil contempt, it must find that it "fail[ed] to take all reasonable steps *within the party's power* to comply." *In re Dual-Deck*, 10 F.3d at 695 (emphasis added). Moreover, an inability to comply is a complete defense to civil contempt. *See United States v. Drollinger*, 80 F.3d 389, 393 (9th Cir. 1996) ("Ability to comply is the crucial inquiry, and a court should weigh all the evidence properly before it determines whether or not there is actually a present ability to obey.") The only evidence currently before the Court suggests that since 2019 Defendant could not comply with the Court's order and remains unable to pay the settlement payment as directed by the Court in its February 27, 2020, order. *See* Dkt. No. 34. The Court "will not be blind to evidence that compliance is now factually impossible. Where compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action." *See United States v. Rylander*, 460 U.S. 752, 757 (1983).

The Court therefore **DENIES** the motion without prejudice. If Plaintiff is able to proffer information about why it believes Defendant was nevertheless able to comply with the Court's order and can still pay the agreed upon settlement amount, the Court will consider a renewed motion.

### B. Motion for Attorneys' Fees

Plaintiff also seeks attorneys' fees and costs related to this lawsuit. *See* Dkt. No. 37. Plaintiff cites the parties' settlement agreement, which states in relevant part:

> [I]n the event an action is brought by any Party hereto to enforce this Agreement and/or the Promissory Note, the prevailing party shall be entitled to reasonable attorneys' fees and costs in addition to all other relief to which that Party may be entitled.

*See* SA at 6. Because Plaintiff prevailed on its earlier motion to enforce the settlement agreement, Plaintiff contends that it is entitled to its reasonable fees and costs "for 'all hours reasonably spent'

on this litigation by its counsel."[1] *See* Dkt. No. 37 at 7. Plaintiff seeks compensation for 25.4 hours of attorney and paralegal time, totaling $5,983.10, as well as $159.18 for "costs incurred with litigating this matter following the execution of the parties' settlement agreement." *See id.*

The Court acknowledges that Plaintiff prevailed in its motion to enforce the settlement agreement. *See* Dkt. No. 32. However, at least some of Plaintiff's attorneys' fees and costs cited in this motion appear to be for time spent throughout the litigation of this case, and not just in enforcing the settlement agreement. *See, e.g.*, Dkt. No. 37 at 7 (asking for fees and costs "for 'all hours reasonably spent' *on this litigation* by its counsel." (emphasis added)). The Court is not persuaded by Plaintiff's expansive reading of the settlement agreement. The settlement agreement's provision regarding attorneys' fees appears limited to the "prevailing party" in actions "to enforce this Agreement and/or the Promissory Note." *See* SA at 6. Plaintiff's requested fees and costs are thus overinclusive.

Plaintiff's billing records appear to include approximately $420 incurred even before the date by which Defendant was to pay the first installment payment under the settlement agreement. *See* Dkt. No. 37-2, Ex. A. And Plaintiff has also included substantial time spent preparing the motion to hold Defendant in contempt and for contempt sanctions, which the Court has denied. Plaintiff, therefore, does not appear to be the "prevailing party" on that motion as contemplated by the settlement agreement, and Plaintiff does not otherwise explain why it should be entitled to attorneys' fees spent preparing that motion. And because much of the attorneys' time is block billed, the Court cannot disaggregate the entries to determine what time was spent on enforcing the settlement agreement.

The Court therefore **DENIES** the motion without prejudice. Plaintiff may still renew its motion with more detailed support. Nevertheless, the Court notes that if Defendant cannot pay the agreed-upon settlement amount, it seems unlikely that it will be able to pay any attorneys' fees or

---

[1] To the extent Plaintiff suggests that the Court has "granted [Plaintiff] the right to move the court" for attorneys' fees and costs, *see* Dkt. No. 37 at 2, the Court clarifies that it merely set a deadline for the filing of such a motion when Plaintiff indicated its intention to file one. *See* Dkt. No. 32 at 4–5. The Court did not make any substantive determinations about the merits or prudence of such a motion.

costs either.

**III.  CONCLUSION**

Accordingly, the Court **DENIES WITHOUT PREJUDICE** the motions in their entirety.

**IT IS SO ORDERED.**

Dated:   5/21/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge